SIMON J. DIETEL *vs.* HOME SAVINGS & LOAN ASS'N.

Argued Nov. 20, 1894. Affirmed Nov. 28, 1894.

No. 8844.

Burden of proof.

Where A. took an absolute conveyance of real estate from D., but which conveyance was in fact a mortgage for money loaned and for money paid for taxes and mechanics' liens, and A. traded the premises for other real property subject to a mortgage thereon of $40,000, *held,* in an action by D. against A., that he could not recover the consideration of $8,000, recited in the deed executed by A. in exchange for the mortgaged premises, nor any part thereof, without showing by proof the value of the premises so conveyed over and above the amount due upon said mortgage, and for the liens and taxes paid, and also proving the value of the property received by A. in the trade; and this is especially so where D., having a full opportunity for an accounting, refused or neglected to do so.

Appeal by plaintiff, Simon J. Dietel, from a judgment of the District Court of Hennepin County, *Thomas Canty*, J., entered February 14, 1894, in his favor for one dollar damages.

On February 1, 1890, plaintiff owned lot four (4) in block six (6) in Lincoln street supplement to East Side Addition, Minneapolis, and on that day mortgaged it to defendant, the Home Savings and Loan Association for $2,500 payable with interest in monthly installments of $37.50 each on the 30th day of each month thereafter until fully paid. He at the same time made an agreement with defendant to construct a house and barn on the lot to cost $5,000 and in accordance with certain plans and specifications and gave defendant a bond with sureties for the performance of this contract. Defendant was to advance the $2,500 as required by plaintiff in the construction of the buildings and did in fact advance it all during that month. The plaintiff failed to complete the buildings. On November 3, 1890, not more than $2,500 had been expended and the buildings were about half built. On that day plaintiff and wife conveyed the property to defendant and it agreed to and did complete the construction of the house and barn at a further expense of $2,444.08 including insurance and taxes. The deed was absolute in form, but was in fact given as security for such further expense.

Without foreclosing its mortgage or deed in any way, defendant, on May 11, 1891, sold and conveyed the property to Luella H. Terry. The consideration named in the deed was $8,000, but in fact it and other real estate and property were traded by defendant to her in exchange for lots one (1), two (2) and three (3) in block fourteen (14) in Wells Sampson & Bell's Addition to Minneapolis subject to $40,000 incumbrance. Plaintiff brought this action August 22, 1892, to recover the value over incumbrances of the house and lot. Neither the value of the house and lot or of the incumbered property so received in exchange was shown. Full opportunity was had on the trial to show these values and for an accounting between plaintiff and defendant but he declined to prove the values and refused to account, claiming that defendant must be charged with the $8,000 named in its deed to Luella H. Terry and he demanded judgment for that amount less the $2,500 and $2,444.08 and interest due from him to defendant. The court made findings of these facts and ordered judgment for plaintiff for one dollar nominal damages.

Judgment was so entered and plaintiff appeals. Some of the facts regarding defendant's purchase of the property in Wells Sampson & Bell's Addition are stated in *Williamson* v. *Selden,* 53 Minn. 73, and in *Williamson* v. *Hatch,* 55 Minn. 344.

*Geo. R. Robinson,* for appellant.

The plaintiff was entitled to recover at his option either the value of the property conveyed to defendant and by it wrongfully disposed of to an innocent purchaser, or the amount received by defendant for the property less its debt and expenditures. *Meehan* v. *Forrester,* 52 N. Y. 277; *Peabody* v. *Tarbell,* 2 Cush. 226; *May* v. *Le Claire,* 11 Wall. 217; *Darling* v. *Harmon,* 47 Minn. 166.

If the defendant received something other than cash in place of the money, it is chargeable with the money represented by the thing received. *Van Orden* v. *Budd,* 33 N. J. Eq. 564.

The presumption is that the defendant received $8,000 in money as stated in the deed, but if it received other property in trade defendant was still presumed to have received what to it was deemed the equivalent of that sum.

The burden of proof was on defendant to show that it neither received that amount in money or the equivalent thereof. Perry Trusts, § 447, and cases cited.

*Haynes & Chase,* for respondent.

We concede that the deed in question was in reality a mere mortgage, that the grantor therein had the option upon a sale of the property to sue either for its value or for the proceeds. Plaintiff elected to sue for the proceeds. He alleges the proceeds to be $8,000. The burden was upon him to prove this allegation. The only evidence offered to sustain the allegation was the deed in which a consideration of $8,000 is recited. It may be admitted that he thus established a *prima facie* case. Defendant however proved by uncontroverted evidence that the recited consideration was not the true consideration and that the recited consideration was an arbitrary amount inserted at the request of the grantee. This may always be shown by parol evidence. This property, together with several other pieces of real estate, were traded for an equity in certain real estate, known as the "Hatch property". That equity was the

sole consideration received for the property in question and other real estate and property included in the trade. The *prima facie* evidence of consideration was thus rebutted and the burden was upon plaintiff to prove the actual consideration. *Long* v. *Long,* 44 Mo. App. 141; *Brown* v. *Farnham,* 58 Minn. 499.

BUCK, J. On February 1, 1890, the plaintiff was the owner of a certain lot in the city of Minneapolis, and on that day he executed to defendant a note of $2,500, drawing interest, and secured the same by a mortgage on the lot so owned by him. By the terms of the mortgage the amount thereof was to be paid in monthly payments of $37.50 on the 30th day of each month by way of fines and premiums until such payments should equal the amount loaned. At the time of the execution of said note and mortgage the plaintiff was constructing a building upon said lot, and as the work progressed the money for which the note and mortgage were given was paid out by defendant from time to time upon bills and expenses which accrued in the construction of said building; and the plaintiff proceeded with the construction of said building until the month of December, 1890, when he ceased to do further work upon said building.

When the building was about half completed, on the 3d day of November, 1890, these parties entered into an agreement whereby the defendant agreed to finish said building, pay the liens thereon, and thereupon plaintiff agreed to convey said premises to said defendant to secure it for all sums so paid out, and for all insurance and taxes which might be paid, and for all sums due it from said plaintiff, including the sum secured by said mortgage; the property so conveyed to be held as security for the repayment to said defendant of all sums so advanced by it, and the expenses incurred by it in the completion of said building. On the said 3d day of November, 1890, the said plaintiff did execute a quitclaim deed of said premises as agreed upon, there being no other consideration for said conveyance than above expressed.

The defendant further expended in the completion of said building the sum of $2,384.38, and paid $25.20 for insurance on said premises, and for taxes the sum of $34.50, a total sum of $2,444.08, which, with interest thereon from July 23, 1891, and the $2,499.74

and interest at the rate of $7.50 per month from February 1, 1890, was due the defendant, and secured by said deed of said property from plaintiff to defendant, which deed was intended by all of said parties as a mortgage to secure all of said sums so due. This was the condition of the affairs between the parties up to May 11, 1891, when the defendant made a deed of the premises to one Luella H. Terry, which was duly recorded, and in said deed it is recited the same is made in consideration of the sum of $8,000, paid by said Terry; but it is found as a fact by the court below that such conveyance was made to Terry as a part of one entire transaction, in which, on said 11th day of May, 1891, the defendant bartered and traded said lot and other property owned by the defendant to said Terry, and received in consideration thereof other real property, which said Terry procured one Hatch to convey to defendant subject to a mortgage of $40,000. There was no other consideration for the transfer of said property than here stated.

It expressly appears from the findings of the court below that neither the value of said property so conveyed by the plaintiff, nor the value of the other property conveyed or transferred with the same by the defendant in the transaction with Terry, nor the value of the property received from Hatch, appears by the evidence in this action, yet the court below, in its findings, further states "that a full opportunity for an accounting of said matters was had by plaintiff on said trial; that the officers of said defendant who transacted said business were called for cross-examination, and were cross-examined by said plaintiff; that plaintiff declined to proceed further in said matter, but insisted that he was entitled to judgment on the basis that defendant had received for his property the sum of eight thousand dollars in cash, and was entitled to a money judgment, and did not ask to change his claim or demand for relief to an accounting as to the property received by the defendant for his property, or to have the same or any part thereof declared to be held in trust for him, and still insists in his demand for a money judgment in this action."

Upon its findings of fact the court found as conclusions of law that the plaintiff was entitled to judgment for nominal damages in the sum of one dollar, and for his costs and disbursements.

The contention of the plaintiff is that he was entitled to recover,

at his option, either the value of the property conveyed to the defendant, and by it disposed of to an innocent purchaser, less the amount of plaintiff's debt and expenditures, or the amount received for the property less such debt and expenditures. While this may be true as a proposition of law, the trouble with the plaintiff's case is that he has not proved the amount or value of either, and failed to avail himself of an accounting between himself and the defendant.

If the defendant had, upon his conveyance of the property to Terry, received a money consideration, or if he had taken a mortgage, which he treated as so much cash, then, upon an accounting properly had between the parties, the plaintiff would have shown himself entitled to relief and a judgment for whatever appeared to be the amount over and above the amount which he owed the defendant. But it expressly appears that the defendant did not, upon the sale of the property, receive a money consideration, or its equivalent, but the transaction was only a trade for a piece of real estate, and he received the equity of redemption in a piece of property subject to a mortgage of $40,000. When this appeared, the burden of showing the value of this equity was cast upon the plaintiff, and he could not rely upon the recital of the consideration in the deed as the actual value received by defendant in such transaction. The case cited by plaintiff's counsel—*Van Orden* v. *Budd*, 33 N. J. Eq. 564—is not similar to this. There the party selling the property took a mortgage back, and it was treated as so much cash in an accounting.

The judgment appealed from is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1100.)

Application made December 5, 1894, for reargument denied.